IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS MONTGOMERY,<br><br>    Plaintiff,<br><br>    v.<br><br>HILARIO ALEJO, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:23-CV-4692-TWT |

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Plaintiff's Motion to Remand [Doc. 6], which is DENIED.

### I.   Background

This case arises from alleged injuries that the Plaintiff Travis Montgomery sustained during a car accident on October 11, 2021, when a truck driven by the Defendant Hilario Alejo collided with the rear of his car. (Compl. ¶¶ 7–9). The Defendant AO Logistics & Transportation, Inc. employed Alejo and owned the truck that he was driving. (*Id.* ¶¶ 8, 23). The Defendant Aegis Security Insurance Company insures AO Logistics & Transportation. (*Id.* ¶ 33). The Plaintiff originally filed suit in Henry County State Court on May 5, 2023. The Defendants removed the case to this Court on October 13, 2023, after receiving discovery from the Plaintiff on September 13, 2023, that included claims for medical bills totaling $52,682 and lost wages. (Doc. 1-4). The Plaintiff now moves to remand the case to Henry County State Court.

## II. Legal Standard

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked under 28 U.S.C. 1332(a) where complete diversity exists among the parties and the amount in controversy exceeds $75,000. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

## III. Discussion

The Plaintiff moves to remand this case to state court, arguing that the Defendants' removal was untimely because they knew from his $1,000,000 pre-suit demand that the amount in controversy exceeded $75,000 and thus that they needed to file a notice of removal within thirty days of service. (Br.

2

in Supp. of Pl.'s Mot. to Remand, at 4). He claims that, prior to the lawsuit, the Defendants' insurance carrier was in possession of his medical bills totaling well over $75,000. And he also claims that he served an offer of settlement for $1,000,000 on July 7, 2023, and that the Defendants failed to timely remove by August 7, 2023. Such untimeliness, the Plaintiff contends, requires remand.

In response, the Defendants argue that the Complaint was not originally removable and that they had no documentation to support their burden on the amount in controversy threshold until receiving the Plaintiff's discovery in September 2023. (Def.'s Resp. Br. Opp'n to Pl.'s Mot. to Remand, at 1–2). They claim that the Plaintiff's pre-suit demand for $250,000[1] included medical bills only totaling $23,480 and that the July 2023 demand for $1,000,000 did not contain any medical bills or an itemization of damages. On September 13, 2023, however, the Defendants claim that they received discovery responses from the Plaintiff including an itemization of medical bills totaling $52,682 and a claim for lost wages. They contend that they then timely removed on October 13, 2023, within 30 days of receiving that discovery.

---

[1] The Defendants claim that they are unaware of the $1,000,000 pre-suit demand referenced by the Plaintiff and they note that such a demand was not attached as an exhibit to the Motion. (Def.'s Resp. Br. Opp'n to Pl.'s Mot. to Remand, at 2). They also claim that they are unaware of any medical bills totaling well over $75,000, as referenced by the Plaintiff, and similarly note that such bills were not attached as exhibits to the Motion. (*Id.* at 2–3). The Plaintiff fails to refute these contentions in reply.

Generally, a notice of removal must be filed by the defendant within thirty days of receipt of the complaint. 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added). Courts have interpreted "other paper" to include responses to requests for admission, settlement offers, interrogatory responses, and demand letters. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007).

> As we have noted, a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims.
>
> To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of

4

> the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Id.* at 1213 n.63 (citations omitted).

Here, the Court cannot conclude that the Defendants "should have known from the face of plaintiff's complaint that the instant action was removable." *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1453 (N.D. Ga. 1994). Indeed, the Complaint contains no specific dollar figure that the Plaintiff seeks in damages. (*See generally* Compl.). The only specific dollar figures of which the Defendants received notice (prior to the September discovery) were the $250,000 pre-suit demand with medical bills totaling $23,480, (Doc. 8-1), and the $1,000,000 settlement offer in July 2023, containing no itemized damages. (Doc. 6-3, at 117). Courts have considered similar notices to be insufficient to satisfy the amount in controversy requirement by a preponderance of the evidence. *See, e.g., Webb v. Dollar Tree Stores, Inc.*, 2022 WL 529241, at *3 (S.D. Ga. Feb. 22, 2022); *c.f. Adeniji v. Berkshire Hathaway Homestate Ins. Co.*, 2017 WL 10410660, at *2–3 (N.D. Ga. Sept. 26, 2017). Accordingly, when the Defendants received the Plaintiff's discovery response on September 13, 2023, itemizing $52,682 in medical bills and seeking lost wages for two months, they became aware for the first time that the Plaintiff's damages exceeded $75,000 based on a preponderance of the evidence. *See Peterman v. Wal-Mart Stores Inc.*, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013). And because

5

the Defendants removed this case on October 13, 2023, within a month of learning such information (and less than a year from the date that the Plaintiff original filed suit), their removal was timely under 28 U.S.C. § 1446(b).

### IV.     Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand [Doc. 6] is DENIED.

SO ORDERED, this     24th     day of January, 2024.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge